UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| RICHEMONT INTERNATIONAL, S.A.;<br>RICHEMONT INTERNATIONAL, N.A.;<br>CARTIER INTERNATIONAL N.V.;<br>OFFICINE PANERAI N.V.;<br>LANGE UHREN GmbH;<br>MONTBLANC-SIMPLO, GmbH,<br><br>               Plaintiffs,<br><br>v.<br><br>DAVID M. CLARKSON,<br>a/k/a Dave Clarkson, individually;<br>REPLICAS OF DISTINCTION,<br>d/b/a replicasofdistinction.com;<br>AARON BAER, d/b/a Tic Toc Watch,<br><br>               Defendants. | Civil No. 07-1641 (JRT/FLN)<br><br>**MEMORANDUM OPINION AND ORDER ON PLAINTIFFS' MOTION FOR ATTORNEY FEES AND COSTS** |

Blake Shepard, Jr., **LEONARD STREET AND DEINARD, PA**, 150 South Fifth Street, Suite 2300, Minneapolis, MN 55402; Scott Gelin and Harley Lewin, **GREENBERG TRAURIG, PA**, 200 Park Avenue, New York, NY 10166; for plaintiffs.

Plaintiffs Richemont International, S.A., Richemont International, N.A., Cartier International, N.V., Officine Panerai N.V., Lange Uhren GmbH, and Montblanc-Simplo, GmbH ("plaintiffs") filed this action against defendants David M. Clarkson, Replicas of Distinction, and Aaron Baer ("defendants"), alleging trademark and copyright claims under state and federal law. On January 24, 2008, this Court granted plaintiffs' motion for default judgment and a permanent injunction. This Court also found that plaintiffs are entitled to reasonable attorney's fees and costs pursuant to the Lanham Act. *See* 15

U.S.C. § 1117(a).  Plaintiffs have now submitted a request for attorney's fees and costs in the amount of $89,464.70.  The Court reduces plaintiffs' award as set forth below.

## ANALYSIS

### I. ATTORNEY'S FEES

"To determine a reasonable attorney fee award under section 1117(a), courts employ the lodestar method." *Yahoo!, Inc. v. Net Games, Inc.*, 329 F. Supp. 2d 1179, 1181-82 (N.D. Cal. 2004).  This method focuses the Court's consideration on two factors: the reasonableness of the number of hours and the reasonableness of the hourly rate. *Id*. at 1182.  "A reasonable attorney fee is the number of hours and the hourly rate that would be billed by reasonably competent counsel." *Id*.  In addition, courts should exclude time that is "excessive, redundant, or otherwise unnecessary," and should take into account the level of success achieved by the litigation.  *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

#### A. Reasonable Number of Hours

Plaintiffs indicate that they are seeking reimbursement for 140.02 hours of legal work.  (Gelin Decl., Ex. A. at ¶11.)  However, the billing records they have provided only include entries for 123.12 hours.[1]  (Gelin Decl., Ex. B.)  "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."  *Hensley*, 461 U.S. at 437.  Incomplete or imprecise billing

---

[1] The Court arrived at this figure by adding the total hours listed on the ten sets of billing records submitted by plaintiffs.  (59.45 + 41.70 + 9.70 + 0.86 + 0.80 + 0.55 + 2.94 + 3.34 + 3.53 + 0.25 = 123.12).

records prevent the Court from exercising meaningful review, and are grounds for reducing a fee award. *See H.J. Inc. v. Flygt Corp.*, 925 F.2d 257, 260 (8th Cir. 1991). Because the plaintiffs have not identified which law firm or personnel billed the missing 16.9 hours, what those hours consisted of, or what specific expense was incurred during this period, the Court has not considered that time as part of its award.

Despite the fact that this case ended in default judgment, the Court finds that its complexity rendered 123.12 a reasonable number of hours. The prosecution of this case required the coordination of plaintiffs in Switzerland, the Netherlands, Germany, and New York, and in describing the potential scope of their claims, plaintiffs' complaint listed nearly 100 of these corporations' trademarks. Moreover, this case involved a relatively sophisticated infringing operation, involving internet marketing and coordination with a wholesaler in California. Finally, in addition to preparing for proceedings before this Court, plaintiffs' counsel helped prepare for a raid that ultimately substantiated their claims. With this background in mind, this Court has reviewed plaintiffs' accounting of the specific tasks performed by counsel, and finds the hours claimed reasonable. *Cf. Yahoo!, Inc.*, 329 F. Supp. 2d at 1189 (concluding that 74.4 hours was reasonable in a default trademark infringement case that was "not . . . of unusual complexity"). The Court therefore will not reduce plaintiffs' attorney fee award on the basis of the number of hours claimed in their motion.

**B.     Reasonable Hourly Rate**

As to plaintiffs' hourly rates, the billing records indicate that various attorneys worked on the case at rates ranging from $171 (for Michelle A. Reid) to $567 (for two hours billed by Harley I. Lewin).[2] (Gelin Decl., Ex. B at 3, 11.) The most hours appear to have been logged by Scott Gelin, a shareholder at Greenberg Traurig whose specialties include copyright protection. Gelin billed at a rate of $413.10 an hour. (*Id*. at 11.) In addition, when the total figure accounted for in plaintiffs' billing records – $48,835.88.[3] – is divided by the 123.12 hours claimed by plaintiffs, the blended hourly rate that results is $396.65. "When determining reasonable hourly rates, district courts may rely on their own experience and knowledge of prevailing market rates." *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005). In light of the complexity of this case and plaintiffs' success on all of their claims, the Court finds that this is a reasonable hourly rate for the specialized legal services provided in this case. Accordingly, the Court finds that plaintiffs are entitled to the $48,835.88 in attorney's fees detailed in their billing records.

---

[2] The invoices submitted by plaintiffs indicate that when they billed their clients, they discounted their attorney's fees by 10%. In considering the reasonableness of the attorneys' hourly rates, the Court has factored in that reduction (e.g. while Lewin's rate is listed as $630 an hour, his effective rate after the discount – and thus the rate considered here – was $567 an hour).

[3] The Court arrived at that number by totaling the "legal services" charges on the ten invoices supplied by Richemont. (Gelin Decl., Ex. A.) The Court did make one adjustment, however. Richemont included nine sets of documents including (1) billing records detailing the specific activities that gave rise to the claimed charges; and (2) an invoice indicating what the attorneys actually charged their clients. In each case, the charges detailed in Richemont's billing records were reduced by 10% on the invoice, to reflect a "courtesy discount." However, Richemont has included a tenth set of billing records without attaching the corresponding invoice. (Gelin Decl., Ex. A at 11-13.) The Court has therefore included the charges included in these billing records only after reducing that total by 10%, on the assumption that the plaintiffs extended the same courtesy discount in this instance as in all others.

Plaintiffs also seek $18,820 in attorney's fees billed by Leonard Street and Deinard, PA ("Leonard Street and Deinard").[4]  Leonard Street and Deinard served as local counsel in this case, and each of the documents filed by plaintiffs was signed by a Leonard Street and Deinard attorney.  However, the only record of this $18,820 of expense appears to come in an entry in a billing record submitted by Greenberg Traurig.  That entry merely states that Greenberg Traurig billed its client $18,820.56 for Leonard Street and Deinard's "professional services rendered through May 31, 2007 in connection with www.replicasofdistinction.com and David M. Clarkson."  (Gelin Decl., Ex. A at 20.)  This entry indicates that Leonard Street and Deinard's work was focused on claims that were entirely successful.  However, Greenberg Traurig's description does not give the Court an opportunity to evaluate (1) the specific activities that gave rise to Leonard Street and Deinard's expense, (2) whether this figure included any categories of expenses that were not recoverable, or (3) the reasonableness of the attorneys' hourly rates.  Consequently, the Court reduces this portion of the fee award by 20%. *See H.J. Inc.*, 925 F.2d at 260 (approving the reduction of an award by 20% for inadequate documentation).  The Court therefore awards $15,056 for the work of Leonard Street and Deinard.

Plaintiffs also seek $5,667.30 for a category of expenses including Federal Express charges, messenger services, photocopy charges, postage, travel expenses and

---

[4] While the invoice information submitted by plaintiffs describes further payments for "professional services" billed by Leonard Street and Deinard, PA, plaintiffs have indicated that they are seeking just $18,820 for Leonard Street and Deinard's attorney's fees. (Gelin Decl., at ¶11.)

computer research charges.[5]  Several district courts elsewhere have held that "out-of-pocket expenses incurred during a Lanham Act lawsuit may be reimbursed as part of an attorney fee award if the expenses are not absorbed as part of law firm overhead but are normally billed to a private client, and the expenses are reasonable." *B & H Mfg. Co., Inc. v. Lyn E. Bright*, No. 01-6619, 2006 WL 547975, at *12 (E.D. Cal. Mar. 3, 2006); *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 21 F. Supp. 2d 1255, 1262 (D. Kan. 1998), *rev'd on other grounds*, 205 F.3d 1219 (10th Cir. 2000); *see also Pinkham v. Camex, Inc.*, 84 F.3d 292, 294-95 (8th Cir. 1996) (stating that "reasonable out-of-pocket expenses of the kind normally charged to clients by attorneys . . . should have been included as part of the reasonable attorney's fees awarded").  The invoices submitted here indicate that the expenses totaled above were in fact billed to clients in this case, and limited to categories of expenses that have been awarded elsewhere. *See, e.g.*, *B & H Mfg. Co., Inc.*, 2006 WL 547975, at *13-17; *see also Hixon v. City of Golden Valley*, No. 06-1548, 2007 WL 4373111, at *6 (D. Minn. Dec. 13, 2007) (awarding similar expenses as part of an attorney's fee award under § 1988).  The Court has reviewed plaintiffs' specific expenses and finds them to be reasonable for a case of this breadth and complexity.

The Court must, however, exclude plaintiffs' claimed expenses for computer-based legal research.  The Eighth Circuit has squarely held that such expenses may not be added to an attorney's fee award. *Standley v. Chilhowee R-IV Sch. Dist.*, 5 F.3d 319, 325

---

[5] The Court has arrived at that figure after totaling the expenses billed on plaintiffs' invoices, and without including the $18,820 characterized as attorney's fees for work done by Leonard Street and Deinard, PA.

(8th Cir. 1993). Thus, the Court reduces its award by $706.09. Accordingly, the Court finds that plaintiffs are entitled to $4,961.21 for the expenses detailed in its billing records.

## II.   COSTS

Plaintiffs are also entitled to the "costs of the action" pursuant to 15 U.S.C. § 1117(a). Plaintiffs argue that under this provision they should be allowed to recover $12,896.10 for costs expended on private investigators.[6]

At least two Circuit Courts have held that the phrase "costs of the action" must be interpreted with reference to the limitations of 28 U.S.C. § 1920. *See Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 411 (7th Cir. 1999) ("Costs are defined in 28 U.S.C. § 1920[.]"); *Agredano v. Mut. of Cos.*, 75 F.3d 541, 543-44 (9th Cir. 1996) (holding that ERISA's "allowance for 'costs of action' empowers courts to award only the types of 'costs' allowed by 28 U.S.C. § 1920"); *see also PETA v. Doughney*, 263 F.3d 359, 370-71 (4th Cir. 2001) (noting the likely connection between the Lanham Act's "costs of the action" award and § 1920, before assessing a cost award on other grounds). Section 1920 does not include expenses for private investigators among its enumerated categories. Accordingly, the Court denies plaintiffs' request for reimbursement of these costs. *See Rolex Watch U.S.A., Inc. v. Jones*, No. 99-2359, 2002 WL 596354, at *7 (S.D.N.Y.

---

[6] The documents submitted by plaintiffs indicate that the bills for these services were sent directly from the private investigators to the clients, foreclosing any argument that these expenses should be awarded as part of attorney's fees.

Apr. 17, 2002) (denying reimbursement for expenses on private investigators in a Lanham Act case).

## ORDER

Based on the foregoing, all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' motion for attorney's fees and costs [Docket No. 47] is **GRANTED in part** and **DENIED in part** as expressly stated in the Memorandum Opinion.

2. Plaintiffs are awarded attorney's fees and costs against defendants in the amount of $68,853.09.

3. Defendants are hereby **ORDERED** to remit to plaintiffs a total amount of $68,853.09 for costs and attorney's fees.

DATED: September 5, 2008  
at Minneapolis, Minnesota.

                _____s/ John R. Tunheim_____  
                JOHN R. TUNHEIM  
                United States District Judge